UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>VINCENT ANTHONY MAKES HIM FIRST,<br><br>Defendant. | 1:25-CR-10034-CBK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND ORDER ON MOTION TO SUPPRESS |

Defendant filed a motion to suppress evidence from two buccal swabs, statements he made when interviewed about the results of the swabs, and the alleged victim's identification of defendant from a photo array. The motion came on for hearing before United States Magistrate Mark A. Moreno. Magistrate Moreno issued a written report and recommendation, recommending that the motion to suppress be denied.

Defendant filed objections to the report and recommendation. I have conducted a de novo review of the motion and the record herein as required by 28 U.S.C.A. § 636(b)(1).

**Consent to Buccal Swabs**

Defendant objects to the magistrate's failure to include the facts that, in conjunction with requesting consent to obtain buccal swabs, the investigating agent did not tell defendant that they were investigating a rape, that the purpose of the swabs was to obtain DNA, that such evidence could be used against him, and that he did not have to consent to the buccal swabs. Defendant further objects to the failure to include the fact that the agent did not read the consent form to defendant and did not provide the consent form until after the buccal swabs were obtained. Defendant contends that these facts show that he did not consent to the buccal swabs.

Defendant has cited no authority for the proposition that he had to have understood the nature of the evidence being collected to voluntarily waive his Fourth

Amendment right to decline the "seizure" of his bodily fluids. "In each case, '[t]he question is one of mental awareness so that the act of consent was the consensual act of one who knew what he was doing and had a reasonable appreciation of the nature and significance of his actions.'" United States v. Castellanos, 518 F.3d 965, 969 (8th Cir. 2008). However, the "awareness" has to do with whether one is under the influence of a narcotic or otherwise intoxicated. See United States v. Rambo, 789 F.2d 1289, 1297 (8th Cir. 1986) ("[t]he question is one of mental awareness so that the act of consent was the consensual act of one who knew what he was doing and had a reasonable appreciation of the nature and significance of his actions.")

"[A] defendant need not be aware, nor must an officer inform him, of his right to refuse consent for his consent to be voluntary." United States v. Esquivias, 416 F.3d 696, 701 (8th Cir. 2005). See also United States v. Esquivias, 416 F.3d 696, 701 (8th Cir. 2005) ("While the officers did not inform [the defendant] of his right to refuse consent, a defendant need not be aware, nor must an officer inform him, of his right to refuse consent for his consent to be voluntary."). The United States Supreme Court "has repeated that the totality of the circumstances must control, without giving extra weight to the absence of this type of warning." United States v. Drayton, 536 U.S. 194, 207, 122 S. Ct. 2105, 2113, 153 L. Ed. 2d 242 (2002).

Investigating officers should not have to give a DNA primer prior to collecting a sample from a consenting adult. "If the government shows that [defendant] knowingly and voluntarily consented to the cheek swab, then the DNA evidence is admissible." United States v. Welch, 951 F.3d 901, 906 (8th Cir. 2020. The fact that defendant was in custody when the request for the cheek swabs mas made, while relevant, is not enough to vitiate defendant's consent. United States v. Eastman, 2003 DSD 5, ¶ 29, 256 F. Supp. 2d 1012, 1021 (D.S.D. 2003).

Considering the totality of the circumstances, the Court finds that defendant knowingly and voluntarily consented to the collection of saliva using a buccal swab.

**Fruit of the Poisonous Tree**

Defendant objects to the finding that the statements he made later when confronted with the DNA results from the buccal swabs were not fruit of the poisonous tree. Because I find that the Magistrate Judge correctly found that the defendant voluntarily consented to the buccal swabs, I reject defendant's contention that his later statements are inadmissible.

**Alleged Victim's Identification**

Defendant objects to the magistrate's failure to include the facts that, in conjunction with interviewing the alleged victim, law enforcement did not tape record the interview and did not prepare a written report. Further defendant objects to the failure of the report to include the fact that, during the photo array, the alleged victim was not told that the defendant's photo may not be among the photos provided. Defendant contends that the alleged victim's identification of defendant was impermissibly suggestive and the foregoing failures suggest a substantial likelihood of misidentification.

The United States Supreme Court long ago set forth the test for determining whether an alleged victim's identification of the alleged perpetrator of the offense is admissible.

> We therefore conclude that reliability is the linchpin in determining the admissibility of identification testimony for . . . confrontations. The factors to be considered . . . include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification itself.

Manson v. Brathwaite, 432 U.S. 98, 114, 97 S. Ct. 2243, 2253, 53 L. Ed. 2d 140 (1977). The Eighth Circuit applies this test to an identification made from a photo array. United States v. Harper, 124 F.4th 1094, 1099 (8th Cir. 2025).

"The reliability of an eyewitness identification—and hence its admissibility under due process principles—rests not merely on the actions of law enforcement, but on the probable effect of those actions on the identification itself." United States v. Harper, 124

F.4th at 1100. Whether defendant's claimed misconduct of the investigating agent renders the identification offends Due Process depends upon whether that conduct transformed the identification into one that is "manifestly unreliable." *Id.* Under all the circumstances alleged, there is not a "very substantial likelihood" that the alleged victim in this case misidentified defendant as the alleged perpetrator.

I find that Magistrate Moreno's findings and recommendations are well grounded in fact and law and should be adopted. Accordingly,

IT IS ORDERED:

1. Defendant's objections, Doc. 55, to the report and recommendation are overruled.

2. The Magistrate's report and recommendation, Doc. 52, is adopted.

3. Defendant's motion, Doc. 26, to suppress is denied.

Dated this 13th day of January, 2026.

BY THE COURT:

*[signature]*

CHARLES B. KORNMANN
United States District Judge